UNITED STATES DISTRICT COURT  INDEX NO. 13CV2800 – GBD ECF CASE
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DOSSOU GALLIE PINOVI a/k/a GALLIE DOSSOU,

                                  Plaintiff,      **AMENDED COMPLAINT**

            -against-                           JURY TRIAL DEMANDED

REYER PARKING CORP., GERALD LIEBLICH,
FDD ENTERPRISES, INC., and ALI DAR,

                                  Defendants.
-------------------------------------------------------------------X

Plaintiff DOSSOU GALLIE PINOVI a/k/a GALLIE DOSSOU, by and through his attorneys, MICHAEL T. CARR, ESQ., PLLC, hereby alleges as follows:

### I. COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff alleges that, pursuant to the Fair Labor and Standards Act, as amended, 29 U.S.C. §§ 201, *et. seq.* ("FLSA"), he is entitled to recover from Defendants: (1) unpaid overtime compensation; (2) unpaid minimum wages; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to New York Labor Law, he is entitled to recover from Defendant: (1) unpaid overtime compensation; (2) unpaid minimum wages; (3) unpaid "spread of hours" premium for each day he worked in excess of ten (10) hours; (4) liquidated damages; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

3. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues.

## II. JURISDICTION AND VENUE

4. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, §1337, §1343, and 29 U.S.C. §216(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367 because those claims are related to the Plaintiff's federal claims and form part of the same case or controversy.

5. Venue herein is proper under 28 U.S.C. §1391 as the Plaintiff is a resident of the Southern District of New York by virtue of the fact that he resides in Bronx, New York. Additionally, Defendants REYER PARKING CORP. and FDD ENTERPRISES, INC. conducts business in the Southern District of New York and the acts and omissions giving rise to the claims set forth herein took placed in the Southern District.

## III. THE PARTIES

6. Plaintiff DOSSOU GALLIE PINOVI a/k/a GALLIE DOSSOU (the "Plaintiff") is and was at all times herein relevant a resident of the Southern District of New York by virtue of the fact he is a resident of Bronx, New York.

7. Upon information and belief, Defendant REYER PARKING CORP. ("REYER") is and was a corporation formed and existing pursuant to the laws of the State of New York, with a place of business located at 1872 East Tremont Avenue, Bronx, New York 10460.

8. Upon information and belief, Defendant GERALD LIEBLICH ("LIEBLICH"), is an owner, officer, director, and/or managing agent of Defendant REYER, whose address is

currently unknown, and who participated in the day-to-day operations of Defendants, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as New York Labor Law §2 and the regulations thereunder, and is jointly and severally liable with the other named Defendants.

9. Upon information and belief, FDD ENTERPRISES, INC. ("FDD") is and was a corporation formed and existing pursuant to the laws of the State of New York, with a place of business located at 1872 East Tremont Avenue, Bronx, New York 10460.

10. Upon information and belief, Defendant ALI DAR, is an owner, officer, director, and/or managing agent of Defendant FDD, whose address is currently unknown, and who participated in the day-to-day operations of Defendants, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as New York Labor Law §2 and the regulations thereunder, and is jointly and severally liable with other named Defendants.

11. During all times herein, Plaintiff was an "employee" of as defined within the meaning of the Fair Labor Standards Act and the New York Minimum Wage Act.

12. During all times mentioned herein, the "Defendants" shall mean, Defendants REYER PARKING CORP., GERALD LIEBLICH, FDD ENTERPRISES, INC., and ALI DAR.

### IV. FACTUAL BACKGROUND

13. In or about January 2011, Plaintiff began working for Defendants as a non-exempt valet and continuously worked for Defendants until or about March 6, 2013,

14. Plaintiff's job description included working as a valet, parking cars, and attending the parking garage owned by Defendants located at 1872 East Tremont Avenue, Bronx, New York 10460.

15. Plaintiff's duties were completely controlled by Defendants.

16. Plaintiff was required to work eighty-four (84) hours per week, at twelve hours a day, seven days a week.

17. Defendant compensated Plaintiff at the rate of $350.00 per week.

18. Plaintiff was allowed one vacation day per month.

19. Plaintiff was not paid for all hours worked as is required under Federal and New York law and not paid overtime compensation for all hours worked above forty (40) hours per week and above eight (8) hours per day.

20. Defendants willfully failed to pay Plaintiff what they were legally obligated to pay under both Federal and State Laws.

21. When Plaintiff complained to Defendants regarding his rate of pay, he was promptly discharged from Defendants' employ in retaliation.

22. Upon information and belief, all Defendants operate under common ownership, share employees, are managed by the same individuals, and subject their employees to the same policies and procedures, in particular policies and procedure relation to the violations alleged in this Complaint.

23. Simply stated, upon information and belief, Defendant FDD is nothing more than a "straw company" for Defendant REYER, created with the intention to attempt to protect Defendant REYER and its ownership from liability.

## AS AND FOR A FIRST CAUSE OF ACTION

(Violations of the FLSA)

24. Plaintiff realleges and reaffirms each and every allegation and statement contained in foregoing paragraphs of the Complaint with the same force and reverence as if fully set forth herein.

25. Upon information and belief, at all times relevant herein, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C §§206(a) and 207(a).

26. At all times relevant herein, Defendants employed Plaintiff within the meaning of the FLSA.

27. Upon information and belief, at all times relevant herein, Defendants had gross revenues in excess of $500,000.00.

28. Plaintiff was entitled to be paid at the rate of time one-half his regular rate of pay for all hours worked in excess of the maximum hours provided for in the FLSA.

29. Defendant failed to pay Plaintiff overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

30. At all times relevant herein, Defendants had a policy and practice of refusing to pay minimum wage compensation at the statutory rate at $7.25 per hour, which violated and continues to violate the FLSA, 29 U.S.C §§201, *et. seq.*, including 29 U.S.C. §206.

31. At all times relevant herein, Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half his regular rate of pay to Plaintiff for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C §§201, *et. seq.*, including 29 U.S.C. §§207(a)(1) and 215(a).

32. Defendants knowingly and willfully disregarded the provision of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per work week, when they knew or should have known such was due and that non-payment overtime wages would financially injure Plaintiff.

33. As a result of Defendants' failure to properly record, report, credit, and/or compensate its employees, including Plaintiff, the Defendants have failed to make, keep, and preserve proper and legitimate records with respect to each of its employees sufficient to determine the wage, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§201, *et. seq.*, including 29 U.S.C. §§211(c) and 215(a).

34. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff

intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case, and if necessary, will then seek leave of this Court to amend this Complaint to set forth the precise amount due.

35.     Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

36.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA. This is especially true because, as discussed above, Plaintiff was discharged in violation of 29 USC §215(a)(3), after he complained about his labor conditions.

37.     Due to the intentional, willful, and unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of overtime compensation, an equal amount as liquated damages, and prejudgment interest thereon.

38.     Plaintiff is entitled to an award of his reasonable attorneys' fees, costs, and expenses, pursuant to 29 U.S.C. §216(b).

## AS AND FOR A SECOND CAUSE OF ACTION

(Violations of the New York Labor Law)

39.     Plaintiff realleges and reaffirms each and every allegation and statement contained in foregoing paragraphs of the Complaint with the same force and reverence as if fully set forth herein.

40. At all times relevant herein, Plaintiff was employed by Defendants within the meaning of the New York Labor Law §§2 and 651.

41. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff minimum wage compensation in violation of the Minimum Wage Act, Article 19 of the New York Labor Law §652.

42. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates of not less than one and one-half times his regular rate of pay for each hour worked in excess of forty (40) hours in a work week.

43. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay "spread of hours" premium to Plaintiff for each day he worked ten (10) or more hours pursuant to the New York State Department of Labor Regulations §§137-1.7; 142-2.4.

44. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendant his unpaid minimum wages, unpaid overtime compensation, unpaid "spread of hours" premium, reasonable attorneys' fee, and costs and disbursements of this action, pursuant to new York Labor Law §663(1) *et. al.* and §198.

45. Plaintiff also seeks liquidated damages pursuant to New York Labor Law §663(1), as well as civil penalties and/or liquidated damages pursuant to the New York State Wage Theft Prevention Act.

## AS AND FOR A THIRD CAUSE OF ACTION

(Meal Allowance Under the New York Labor Law)

46. Plaintiff realleges and reaffirms each and every allegation and statement contained in foregoing paragraphs of the Complaint with the same force and reverence as if fully set forth herein.

47. Plaintiff was generally not given any period of time to eat meals during shifts or more than six (6) hours per day, in violation of the New York Labor Law §162.

48. Upon information and belief, the Defendants do not have a permit from the Commissioner to excuse them from the requirements of New York Labor Law §162.

## AS AND FOR A FOURTH CAUSE OF ACTION

(Unjust Enrichment)

49. Plaintiff realleges and reaffirms each and every allegation and statement contained in foregoing paragraphs of the Complaint with the same force and reverence as if fully set forth herein.

50. The Defendant has enriched itself as a result of withholding money owed to the Plaintiffs for time worked.

51. The Defendant's enrichment was at the Plaintiff's expense because the Plaintiff would have received the money owed to his had the Defendant not intentionally withheld payment form the Plaintiffs.

52. The circumstances were such that equity and good conscience require the Defendant to pay the Plaintiff for all the time that Plaintiffs worked but were not paid.

**WHEREFORE**, Plaintiff hereby requests the following relief be awarded by the Court:

1. An award of unpaid minimum wages and overtime compensation due under the FLSA;

2. An award of unpaid minimum wages, overtime compensation, and "spread of hours" premium due under the New York Labor Law;

3. An award of liquidated damages as a result of Defendants' knowing and willful failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C §216;

4. An award of liquidated damages as a result of Defendants' knowing and willful failure to pay minimum wages, overtime compensation, and "spread of hours" premium pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

5. An award of civil penalties pursuant to the New York State Wage Theft Prevention Act;

6. Punitive damages plus interest, to be determined by the Court;

7. An award of equitably tolling the statute of limitations period;

8. An award of prejudgment and post-judgment interest;

9. An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and

10. Such other further relief as this Court determines to be just and proper.

Dated: Brooklyn, New York
October 25, 2013

Respectfully submitted,
MICHAEL T. CARR, ESQ., PLLC

*Michael T Carr*

_____
MICHAEL T CARR (CA8262)
*Attorneys for Plaintiff*
16 Court Street, Suite 2901
Brooklyn, New York 11241
(718) 858-0227
michael@michaeltcarr.com