```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GALLIE DOSSOU,                                    :

                          Plaintiff,              :
                                                       Civil Action No. 13-CV-2800
         -against-                                :
                                                       ANSWER
REYER PARKING CORP., GERALD LIEBLICH,    :             OF DEFENDANTS
FDD ENTERPRISES, INC., and ALI DAR,                    ALI DAR AND
                                                  :    FDD ENTERPRISES, INC.
                          Defendants.
                                                  :
------------------------------------------------------------------X
```

## I. ADMISSIONS AND DENIALS

1. Denied.

2. Denied.

3. N/A.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Denied in all respects, except as to the relationship between GERALD LIEBLICH and REYER PARKING CORP., about which answering defendants lack sufficient knowledge upon which to form a basis of admission or denial.

9. Admitted.

10. Denied in all respects, except as to the relationship between ALI DAR (hereinafter "DAR") and FDD ENTERPRISES, INC. (hereinafter "FDD"), which answering defendants admit.

1

11.     Denied, except that defendants admit that plaintiff was employed by FDD from October 22, 2012 until the first week of March 2013.

12.     N/A.

13.     Denied. Answering defendants aver that the plaintiff began working for defendant FDD on October 22, 2012, and plaintiff's employment was finally terminated for stealing during the first week of March 2013.

14.     Admitted.

15.     Admitted as to answering defendants; denied as to all other defendants.

16.     Denied.

17.     Denied.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Denied. Answering defendants aver that plaintiff's employment was terminated for stealing.

22.     Denied in all respects, except as to the relationship between DAR and FDD, in respect of which answering defendants admit that DAR is the principal and owner of FDD.

23.     Denied.

24.     Admitted as to those paragraphs and statements previously admitted, and denied as to those paragraphs and statements previously denied.

25.     Admitted as to answering defendants; denied as to all other defendants.

26.     Admitted as to answering defendants; denied as to all other defendants.

27.     Denied as to defendants DAR and FDD, and otherwise answering defendants lack sufficient knowledge upon which to form a basis of admission or denial.

28.     Admitted, except answering defendants deny that plaintiff worked in excess of the maximum hours provided for as alleged.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Admitted as to records concerning the number of hours worked by plaintiff; denied as to records of the actual compensation paid to plaintiff.

35.     Admitted.

36.     Denied. Answering defendants aver that plaintiff's employment was terminated for stealing.

37.     Denied.

38.     Denied.

39.     Admitted as to those paragraphs and statements previously admitted, and denied as to those paragraphs and statements previously denied.

40.     Admitted as to answering defendants; denied as to all other defendants.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied.

45. Denied.

46. Admitted as to those paragraphs and statements previously admitted, and denied as to those paragraphs and statements previously denied.

47. Denied.

48. Admitted as to answering defendants. Answering defendants lack sufficient knowledge upon which to form a basis of admission or denial as to other defendants.

49. Admitted as to those paragraphs and statements previously admitted, and denied as to those paragraphs and statements previously denied.

50. Denied.

51. Denied.

52. Denied.

## II. DEFENSES

FIRST DEFENSE:

During his employ by defendants DAR and FDD beginning October 22, 2012, the plaintiff worked hours and was compensated with wages in compliance with all applicable laws, up to the termination of his employment during the first week of March 2013, for stealing.

**WHEREFORE** defendants DAR and FDD respectfully request this Court dismiss the complaint and enter judgment in favor of the defendants, together with all such other, further and different relief as is just, necessary and proper.

Dated: Mineola, New York              BY:    _____
       January 16, 2014                                    ROBERT A. CHAPNICK, ESQ.

5

                                          CHAPNICK & ASSOCIATES, P.C.
                                          *Attorneys for Defendants*
                                          114 Old Country Road, Suite 560
                                          Mineola, New York  11501
                                          (516) 393-5885
                                          (347) 813-4881 (FAX)
                                          Chapnick@ChapnickLaw.com