ZANE AND RUDOFSKY

*Attorneys and Counsellors at Law*

THE STARRETT LEHIGH BUILDING
601 WEST 26ᵀᴴ STREET
NEW YORK 10001
———
(212) 245-2222

FAX (212) 541-5555 • VOICEMAIL (212) 541-4444
E-MAIL info@zrlex.com • WEBSITE http://www.zrlex.com

February 27, 2015

***Via ECF & Hand Delivery***

Hon. George B. Daniels, USCJ
Southern District of New York
U. S. Courthouse
500 Pearl Street
New York, New York  10007

Re:   Dossou v. Reyer Parking Corp. et al.
      Civil Action No. 13-cv-02800

Dear Judge Daniels:

We represent defendant Reyer Parking Corp. in the above-referenced action.

Pursuant to the permission granted by Your Honor at the January 30, 2015 interim pre-trial conference, we hereby submit this letter motion/brief to request summary judgment dismissing this action as against Reyer Parking Corp.

## Introduction

This action arises under the Fair Labor Standards Act, 29 USC §§ 201 *et seq.*, and the parallel provisions of the New York Labor Law.  Plaintiff alleges that his employer, *inter alia*, failed to pay him overtime pay, failed to pay minimum wage compensation, failed to keep proper records of compensation and hours of number worked, failed to post notice of plaintiff's rights under the FLSA.  [*See,* Complaint, Doc. No. 1; Amended Complaint, Doc. No. 23]  In a nutshell, the issue is: who is plaintiff's "employer" for purposes of the FLSA and New York Labor Law?[1]

---

[1]   Plaintiff has also alleged a claim for unjust enrichment.  Since defendant Reyer Parking Corp. has not withheld wages from plaintiff, the claim for unjust enrichment must fail as well.  *See, generally,* Corsello v. Verizon New York, Inc., 18 N.Y.3d 777 (2012).

ZANE AND RUDOFSKY

## **Governing Law**

The governing law is straightforward. For purposes of the Fair Labor Standards Act, "the term 'employee' means any individual employed by an employer". See 29 U.S.C. § 203(e)(1). An entity "employs" an individual under the FLSA if it "suffer[s] or permit[s]" that individual to work. 29 U.S.C. § 203(g). Here, defendants clearly do not come within this definition since "as a matter of economic reality" Reyer Parking Corp. does not "function[ ] as the individual's employer." *See,* Zheng v. Liberty Apparel Co. Inc., 355 F.3d 61 (2nd Cir. 2003):

> An entity "suffers or permits" an individual to work if, as a matter of "economic reality," the entity *functions* as the individual's employer. *See Goldberg v. Whitaker House Coop., Inc.,* 366 U.S. 28, 33 ... (1961) (explaining that "economic reality" rather than 'technical concepts' is ... the test of employment" under the statute); *see also Herman v. RSR Security Services Ltd.,* 172 F.3d 132, 139 (2d Cir.1999) ("[T]he overarching concern is whether the alleged employer possessed the power to control the workers in question.") *[Emphasis added.]*

*Accord,* Barfield v. New York City Health and Hospitals Corp., 537 F.3d 132 (2nd Cir. 2008) (affirming application of Zheng "control" test).

For purposes of the New York Labor Law, an employer is defined as one who "suffered or permitted" an individual to work. See New York Labor Law, §§ 2, subds. 6 and 7; see, also, § 651(6). This is the same "economic reality" test as under the FLSA, discussed *supra,* and the two should be applied consistently with one another. *See,* Doo Nam Yang v. ACBL Corp., 427 F.Supp.2d 327, 342 n. 25 (S.D.N.Y. 2005) ["The 'economic reality' test will be used to determine whether [defendant] is [plaintiff's] 'employer' as defined under both state and federal law, as '[t]here is general support for giving FLSA and the New York Labor Law consistent interpretations.' *Topo v. Dhir,* No. 01 Civ. 10881, 2004 WL 527051, at *3 (S.D.N.Y. Mar. 16, 2004)."]

## **Relevant Procedural & Factual History**

Prior to the commencement of this action, an attorney for plaintiff sent a written demand for payment of overtime wages to Reyer Parking Corp. and FDD Enterprises Inc. [Exhibit E to Declaration of Gerald Lieblich, Doc. No. 9]

2

ZANE AND RUDOFSKY

In response, Reyer Parking Corp. advised plaintiff's prior attorney that it was not plaintiff's employer [Exhibit H to Declaration of Gerald Lieblich, Doc. No. 9], and FDD Enterprises Inc. conceded that it (not Reyer Parking Corp.) was plaintiff's employer. [Exhibit G to Declaration of Gerald Lieblich, Doc. No. 9]

Bizarrely, plaintiff's current attorney then commenced this action against Reyer Parking Corp. and Gerald Lieblich, but did not name FDD Enterprises Inc. or its corporate principal, Ali Dar, as defendants. [Complaint, Doc. No. 1]

Defendants Reyer Parking Corp. and Gerald Lieblich then moved to dismiss this action pursuant to FRCP 12(b) and (d).[2] [Doc. No. 8] Among other things, that motion was supported by a declaration from Ali Dar, the principal of FDD Enterprises Inc., attesting to the fact that FDD Enterprises Inc. (not Reyer Parking Corp.) was plaintiff's employer [Doc. No. 17].[3]

While Defendants' Rule 12 motion was pending, plaintiff amended its Complaint to add FDD Enterprises Inc. and Ali Dar as defendants. [Doc. No. 23]

The then-pending Rule 12 motion was argued on December 10, 2013. [Doc. No. 29] The Court denied the motion without prejudice to renewal after discovery. [Doc. No. 26] During the course of the argument, the Court urged expedited discovery on the issue of whether Reyer Parking Corp. and/or its principal, Gerald Lieblich, were plaintiff's employer and, *inter alia,* noted the following:

> THE COURT:        *** [B]ut **you both should be able to quickly establish who the proper defendant is in this case**. If, based on the evidence you have and you can exchange, it becomes clear that the employer either is or is not Reyer Parking, and its principal, Mr. Lieblich, is responsible, then even if I deny a motion to dismiss, one, if it's clear to me that this was not a genuine dispute about who the employer is, I am going to consider imposing sanctions on the losing party because this is not [a] theoretical debate. This, it seems to me, should be **a very simple thing to**

---

[2] At the recent January 30, 2015 interim pre-trial conference, plaintiff's counsel mischaracterized defendants' 2013 motion as one for summary judgment. It was not. There has been no prior motion for summary judgment in this action.

[3] *See, also,* the declaration of Zafar Majeed [Doc. No. 18], confirming the facts set forth in the Lieblich Declarations [Doc. Nos. 9 and 19] and the Dar Declaration [Doc. No. 17].

3

ZANE AND RUDOFSKY

**verify and know one way or the other**. [Doc. No. 29 at pp. 12-13 (emphasis added)]

\*\*\*

THE COURT:       \*\*\*   Tell me what it is you think should be sufficient for you to be able to sue Reyer Parking.  And I assume it's not just that your client, who has limited abilities in English, said that someone told him that the sign that says Reyer Parking means that Reyer Parking is his employer.  **That would not be sufficient**.  Tell me what it is I should be looking for to resolve this one way or the other as to **whether or not Reyer Parking, as opposed to one of these other entities, is the appropriate person to be sued**.  [Doc. No. 29 at pp.14-15 (emphasis added)]

\*\*\*

THE COURT:       \*\*\*   What [plaintiff] believes is not the debate here, right[?]   What your client believes is not the issue.   It's not the determinative factor.   **The determinative factor is who in fact is the responsible managerial person and entity with regard to [plaintiff]**. [Doc. No. 29 at p. 15]

\*\*\*

MR. CARR:       \*\*\*   We would be the first to dismiss the case against Reyer Parking if we knew for certain they weren't the employer. \*\*\* [Doc. No. 29 at p. 17]

\*\*\*

THE COURT:       [On] what basis are you now suing FDD Enterprises and Ali Dar?

MR. CARR:       The reason we are suing FDD and Ali Dar is because Mr. Rudofsky provided us with declarations from Mr. Ali Dar saying essentially that he was the employer and holding himself out to be the owner.

THE COURT:       You accept the representation that he's the employer for the purpose of suing them, but not for the purpose of releasing the other defendant [?]

MR. CARR:       Your Honor, I've handled a few FLSA cases. I've never had someone, quote unquote, fall on the sword before and say, come here, please sue me.

4

ZANE AND RUDOFSKY

THE COURT:      He's not falling on the sword if you are not going to let the other guy out.  **He is falling on the sword because he is telling you, you've got the wrong guy**.  [Doc. No. 29, p. 17 (emphasis added)]

&ast;&ast;&ast;

THE COURT:      &ast;&ast;&ast;  If it turns out that Reyer Parking is a much more extensive, active company, than [Mr. Lieblich] represented, then we can address that further, if need be, but that's not the representations that are being made to me[:]  **It doesn't do anything but hold a license and … it has no employees** … &ast;&ast;&ast;

THE COURT:      &ast;&ast;&ast;  I think you should quickly, before you do any other discovery, quickly address these issues within the next 30 days and tell me what your positions are.  If Mr. Carr's position is, look, I have looked high and low and even though I would love to sue a deep pocket and I think it's Mr. Lieblich, I can't find any basis to connect Mr. Lieblich to my client, so I am going to drop Mr. Lieblich and/or Reyer Park[ing]….

Otherwise, do that quickly and then tell me what your positions are.  If you don't come to some understanding as to whether or not the case will be dropped, or they will continue, then I guess, **Mr. Rudofsky, I would make that motion.  I would make a motion for summary judgment based on the facts as you know them** and as have been exhausted.  &ast;&ast;&ast;  But, quite frankly, if I look at the same stuff that you look at and it's fairly obvious that it's one way or the other, I really am going to consider imposing costs ….  [Doc. No. 29 at pp. 41-42]

&ast;&ast;&ast;

THE COURT:      &ast;&ast;&ast;  **Clearly, obviously, ultimately, based on the facts, it's going to be [plaintiff's] responsibility to prove that this is the employer and if it's clear that it's not, or the allegations are insufficient, then it's not, I'll dismiss it**.  &ast;&ast;&ast;  If I have to review this again, based on the records and testimony or further affidavits, I will resolve this, very quickly, so that you can move forward or get out of the case. [Doc. No. 29, at pp. 47-48]

ZANE AND RUDOFSKY

At that time, plaintiff's counsel specifically asked if he could avoid sanctions by dismissing the action after discovery "if hypothetically, Mr. Rudofsky provides me [with] evidence and it's clear to myself [sic] that I must dismiss against either Mr. Lieblich, Reyer Parking, or both ...." [Doc. No. 29, p. 50]  Unfortunately, while discovery was provided and the case thereafter dismissed as against defendant Gerald Lieblich, it has not been dismissed against defendant Reyer Parking Corp. even though there is not a scintilla of evidence to indicate that defendant Reyer Parking Corp. controlled any aspect of plaintiff's employment.

Defendants Reyer Parking Corp. and Gerald Lieblich answered the Amended Complaint, *inter alia,* denying that they were plaintiff's employer, cross-claiming against FDD Enterprises Inc. and Ali Dar on the grounds that they (and not Reyer Parking Corp. or Gerald Lieblich) were plaintiff's employer, and requesting Rule 11 sanctions. [Doc. No. 38, esp. paras. 12-17] FDD Enterprises Inc. and Ali Dar answered the Amended Complaint [Doc. No. 33], but did not thereafter respond to the cross-claim.

Following the directions of the Court, defendants Reyer Parking Corp. and Gerald Lieblich provided plaintiff's counsel with the Declaration of the principal of the accounting firm which has been the outside independent accountants and tax preparer for Reyer Parking Corp. since 2004, who attested to the fact that Reyer Parking Corp. "never had any employees or payroll" whatsoever, and provided copies of the federal tax returns for Reyer Parking Corp. for the years 2007 through 2012, as well as copies of the general ledger for Reyer Parking Corp. for the same period.

Thereupon, defendant Gerald Lieblich was deposed by counsel for plaintiff and testified, *inter alia,* that he is the sole principal of Reyer Parking Corp.; that Reyer Parking Corp. has never had any employees; that he (Gerald Lieblich) is the only person who has ever acted on behalf of Reyer Parking Corp.; that Reyer Parking Corp. holds the license for the Reyer Parking Garage; that the garage is owned by 1872 East Tremont Corp., which rents the garage to Peak Time Parking, Inc.,[4] which, in turn, subleases it to FDD Enterprises Inc., the garage operator; that Mr. Lieblich is the sole principal of 1872 East Tremont Corp. (the owner of the premises); that there are no written agreements between 1872 East Tremont Corp. and/or Reyer Parking Corp. on the one hand, and FDD Enterprises Inc.; and Ali Dar, on the other hand; and that neither he nor Reyer Parking Corp. (nor 1872 East Tremont Corp.) has ever had any responsibility for, or authority

---

[4] The ownership of the garage by 1872 East Tremont Corp., and the intermediary role played by Peak Time Parking, Inc., were fully disclosed to plaintiff in connection with the Rule 12 motion practice. [*See,* Docs. Nos. 9, 16, 17 and 18]

6

ZANE AND RUDOFSKY

over, or ever exercised any authority over the employment, the terms of employment, or the working conditions of the employees of FDD Enterprises Inc.

Following the deposition of defendant, Gerald Lieblich, plaintiff voluntarily discontinued this action against defendant Lieblich. [Docs. Nos. 40 and 41] However, plaintiff has failed and refused to dismiss the action against defendant, Reyer Parking Corp., even though it has no other officers, employees, agents, etc., other than defendant, Gerald Lieblich, and plaintiff has accepted the fact that defendant, Gerald Lieblich, had no authority or control over the employment of plaintiff and has dismissed this action against defendant, Gerald Lieblich.[5]

## Discussion

In discussion with plaintiff's counsel, two (2) different grounds have been recently advanced to justify the continued prosecution of this action against defendant, Reyer Parking Corp.: (i) that employees of the garage were instructed to answer the telephone "Reyer Parking" (or "Reyer Parking Garage"), and (ii) that the New York City Department of Consumer Affairs' license issued to defendant, Reyer Parking Corp. is "non-transferrable".[6] Neither of these alleged grounds has any merit.

The first ground - - essentially that the trade name of the garage is "Reyer Parking" - - is not probative of the issue before the Court, namely, who is plaintiff's "employer" for purposes of the FSLA and New York Labor Law.[7] The "Reyer Parking" sign on the building reflects the name of the garage, not the identity of the employer. Likewise, the trade name with which the employees answer the telephone merely reflects the name of the garage, not the identity of the employer.[8]

---

[5]   We respectfully submit that this is exactly the type of stubborn refusal to accept the obvious that the Court warned counsel about on the record on December 10, 2015.  [Doc. No. 29].

[6]   In the event plaintiff advances any new or different grounds in opposition to this motion, defendant respectfully reserves the right to reply.

[7]   For all intents and purposes, the Court rejected this overly simplistic argument at the December 2013 hearing on the Rule 12 motion, when plaintiff relied on building signage and receipts issued to customers and other paperwork with the name "Reyer Parking Corp." pre-printed on them.  [*See,* Doc. No. 13 at Attachments Nos. 1, 2, 3 and 4.]

[8]   It is axiomatic that a corporation may do business under a trade name.  In other words, FDD Enterprises Inc. d/b/a Reyer Parking Garage does not make Reyer Parking Corp. the employer of plaintiff for any purpose, much less the limited purposes (and standards) of the FLSA and New York Labor Law.

7

ZANE AND RUDOFSKY

   Likewise, the second ground - - that the garage license is non-transferrable - - is also not probative of the issue of who is plaintiff's "employer" for purposes of the FSLA and New York Labor Law. The provisions of the New York statutes and regulations concerning the licensing of garage premises have nothing whatever to do with the employer/employee relationship. *See* N.Y.C. Administrative Code, Title 20, Subchapter 17 ("Garages and Parking Lots"). Rather, licensing is both a method of raising revenue and protecting the public against abusive practices, such as overcrowding of garages already filled to capacity. *See* Amsterdam Garage v. Department of Consumer Affairs of City of New York, 139 Misc.2d 799 (Sup. Ct. N.Y. Co. 1988); *see, also,* 400 East 54th Street Garage Corp. v. Green, 179 A.D.2d 452 (1st Dept. 1992). As was explained in Hippodrome Garage v. Myerson, 69 Misc.2d 831 (Sup. Ct. N.Y. Co. 1972) ("protection of the public"; "protect the public from harassment and exploitation). Thus, the mere fact that defendant Reyer Parking Corp. is the licensee of record of the Reyer Parking Garage does not make defendant Reyer Parking Corp. an "employer" of plaintiff as a matter of "economic reality" since Reyer Parking Corp. in no way, shape, manner or form "functioned as [plaintiff's] employer. Zheng v. Liberty Apparel Co. Inc., *supra.*

   Moreover, and regardless of whether the operation of the Reyer Parking Garage by FDD Enterprises Inc. without transfer of the license violates any rule or regulation of the Department of Consumer Affairs, our research has disclosed no case in which a "bare licensee" of a business premises subleased to an independent operator, has been held, on that ground alone, to be an "employer" of the sublessee's employees for purposes of the FLSA or New York Labor Law (or any other purpose), *i.e.,* simply by virtue of holding the license permitting the operation of the business at the premises.

## Conclusion

   In sum, Reyer Parking Corp. did not control plaintiff's employment and the facts on which plaintiff relies do not establish that "as a matter of "economic reality," Reyer Parking Corp. "*function[ed]* as the individual's employer." Zheng v. Liberty Apparel Co. Inc., *supra,* 355 F.3d 61. Accordingly, plaintiff's FLSA and Labor Law (as well as his unjust enrichment claim) must fail, as against Reyer Parking Corp., as a matter of law, and summary judgment should be granted accordingly.

ZANE AND RUDOFSKY

For all of these reasons, we urge the Court to dismiss this action against defendant, Reyer Parking Corp. at this time, with costs, disbursements and sanctions.

Respectfully,

Edward S. Rudofsky

cc:     Michael T. Carr, Esq.
        Robert A. Chapnick, Esq.