UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

GALLIE DOSSOU,

                Plaintiff,

    -against-

REYER PARKING CORP., FDD ENTERPRISES, INC., and ALI DAR,

                Defendants.

------------------------------------- x

ORDER

13 Civ. 2800 (GBD)

GEORGE B. DANIELS, United States District Judge:

    Plaintiff brings this action alleging that he was not compensated by his former employer in accordance with the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law. Defendant Reyer Parking Corp. moves for summary judgment, arguing that it should not be a named defendant in this action because it was not Plaintiff's employer. (*See* ECF No. 50 at 6 ("[T]here is not a scintilla of evidence to indicate that defendant Reyer Parking Corp. controlled any aspect of plaintiff's employment.").)

    Defendant Reyer Parking Corp. first raised this issue in its motion to dismiss the amended complaint. (*See* ECF No. 8 (filed May 17, 2013).) At the December 10, 2013 oral argument regarding that motion, this Court ordered expedited discovery on the issue of whether Defendant Reyer Parking Corp. and its principal, Gerald Lieblich, were liable as Plaintiff's employers. The case was thereafter voluntarily dismissed as to Mr. Lieblich; however, Plaintiff has not agreed to dismiss Defendant Reyer Parking Corp. from this action. (*See* ECF No. 41.)

Defendant Reyer Parking Corp. holds the license for Reyer Parking Garage. The garage is owned by a non-party, 1872 East Tremont Corp., for which Mr. Lieblich is also the sole principal. 1872 East Tremont Corp. rents the garage to non-party Peak Time Parking, Inc., which in turn subleases the garage to the garage's operator Defendant FDD Enterprises, Inc. Plaintiff has offered no evidence to rebut Defendant Reyer Parking Corp.'s testimony and evidence that it was not Plaintiff's employer and that it had no control over the terms and conditions of Plaintiff's employment.[1] Meanwhile, there is no dispute that Defendant FDD Enterprises, Inc. employed Plaintiff.

Accordingly, and for the reasons articulated at the April 10, 2015 conference, Defendant Reyer Parking Corp.'s motion for summary judgment is GRANTED. Defendant Reyer Parking Corp.'s request that this Court impose sanctions against Plaintiff is DENIED.

Defendant Reyer Parking Corp. is DISMISSED from this action.

Dated: New York, New York
April 10, 2015

SO ORDERED:

*George B Daniels*
GEORGE B. DANIELS
United States District Judge

---

[1] The evidence that Plaintiff cites includes that employees answer the phones "Reyer Parking"; that he thought he was employed by Defendant Reyer Parking Corp.; and that he believes there is an agreement between Defendants Reyer Parking Corp. and FDD Enterprises, Inc. (*See* ECF No. 57 at 3.) Defendant Reyer Parking Corp. states that there is no such agreement, and no such agreement has been produced during discovery by any defendant. (ECF No. 60 at 2.)